## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**EDWARD KOZIEROWSKI**,

    *Plaintiff,*

    v.

    Case No: 3:23-cv-222

**DISCOVER BANK, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC,** *and* **TRANS UNION LLC,**

    **JURY TRIAL DEMANDED**

    *Defendants.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

    **COMES NOW** the Plaintiff, Edward Kozierowski ("**Mr. Kozierowski**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, Discover Bank ("**Discover**"), Experian Information Solutions, Inc. ("**Experian**"), Equifax Information Services LLC ("**Equifax**"), and Trans Union LLC ("**Trans Union**"), (collectively, the "**Defendants**"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Mr. Kozierowski against all Defendants for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq* ("**FCRA**").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction for Plaintiff's FCRA claims arises under 28 U.S.C. § 1331, as the FCRA is a federal statute and the relevant transactions were committed within Flagler County, Florida.

3.    The Defendants are subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

4.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and/ or caused by the Defendants within the Middle District of Florida.

## PARTIES

5.    **Mr. Kozierowski** is a natural person who at all times relevant has resided in Flagler County, Florida.

6.    Mr. Kozierowski is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

7.    **Discover** is a Delaware corporation whose Delaware registered agent is The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

8.    Discover is a furnisher of information to multiple *Credit Reporting Agencies* ("**CRAs**"), as that phrase is used within 15 U.S.C. § 1681, in that it regularly reports account payment and status data on both consumer and commercial business credit lines.

9.    **Experian** is an Ohio corporation with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

10.    Experian is registered to conduct business in the State of Florida, where its registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 32301.

11.    **Equifax** is a Georgia limited liability company, with a principal business address of 1550 Peachtree Street NW, H-46, Atlanta, GA 30309.

12.    Equifax is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

13.    **Trans Union** is a Delaware limited liability company, with a principal business address of 555 West Adams Street, Chicago, IL 60661.

14.    Trans Union is registered to conduct business in the State of Florida, where its registered agent is, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

15.    Experian, Equifax and Trans Union are CRAs within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that they, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

16.    Sometime in or around November 2018, an unknown person opened a Discover credit card (the "**Account**") using Mr. Kozierowski's name, Social Security number, address and other personal information.

17.    Mr. Kozierowski never opened an account with Discover.

18.    Mr. Kozierowski never authorized any person to open an account with Discover in his name.

19.    The Account had a credit limit of $8,500.

20.    The unknown person made one or more purchases on the Account.

21.    On information and belief, the unknown person instructed Discover to send electronic ("paperless") monthly account statements.

22.    At no point did Mr. Kozierowski receive monthly periodic statements from Discover at his residence.

23.    The unknown person maintained the Account in good standing until September 2019, making at least the minimum payment amount.

24.    On or around September 2019, the unknown person ceased to make any further payments towards the balance on the Account.

25.    On or about November 2020, Discover charged the account to profit and loss, writing off a balance of $8,783.

26.    In October 2022, Mr. Kozierowski applied for a mortgage with Premier Mortgage Resources, LLC ("**Premier Mortgage**").

27.    Premier Mortgage then obtained a consumer report from Partners Credit & Verification Solutions ("**Partners Credit**") in order to evaluate Mr. Kozierowski's application.

28.    Partners Credit, upon receipt of Premier Mortgage's request for a consumer report, obtained credit reports regarding Mr. Kozierowski from Experian, Trans Union and Equifax and combined the information into one single credit report, often called a "tri-merge" report, which it then provided to Premier Mortgage. **SEE PLAINTIFF'S EXHIBIT A.**

29.    Premier Mortgage did not approve Mr. Kozierowski for a mortgage at that time.

30.    Premier Mortgage provided a copy of the tri-merge report to Mr. Kozierowski.

31.    Upon review of the tri-merge report, Mr. Kozierowski learned that there were four accounts appearing in the report that he never opened, nor authorized to be opened - the Discover Account and three accounts reported by Portfolio Recovery Agency ("**PRA**"), a debt collector. *Id.*

32.    On or about December 7, 2022, Mr. Kozierowski made a police report with the Flagler County Sheriff's Office stating that an unknown individual had fraudulently used his identity to open four different accounts, including the Discover Account.

### Mr. Kozierowski's Disputes of the Debt

58.     In December 2022, Mr. Kozierowski disputed the four fraudulent accounts to Experian, Trans Union and Equifax, stating the accounts were not opened by him and were the result of identity theft.

59.     In each of his disputes, Mr. Kozierowski included the police report number and name of the law enforcement agency he had reported the theft of his identity to.

60.     Mr. Kozierowski also included a scanned copy of the police report in his dispute to Trans Union.

61.     Equifax, Experian and Trans Union, upon receipt of Mr. Kozierowski's disputes, each sent Discover an *Automated Consumer Dispute Verification* Request ("**ACDV**") through a system known as e-OSCAR, requesting that Discover make a reasonable investigation into the dispute.

62.     Equifax, Experian and Trans Union likewise sent ACDVs to PRA, for each of its reported tradelines.

63.     PRA responded to the ACDVs, indicating therein that its reported information ***could not be*** verified as accurate, in light of the documentation provided by Mr. Kozierowski and should be deleted.

64.     However, Discover responded to the three ACDVs and indicated that Discover Account belonged to Mr. Kozerowski. **SEE PLAINTIFF'S EXHIBIT B.**

65.     Discover instructed the CRAs to report a Metro 2 Compliance Condition Code ("CCC") of "XH" meaning "account *previously in dispute* – investigation complete, reported by data furnisher." (Emphasis added). **SEE PLAINTIFF'S EXHIBIT C.**

66.     In cooperation with the major CRAs, the *Consumer Data Industry Association* ("**CDIA**") publishes the Metro 2 reporting standards to assist furnishers with their compliance requirements under the FCRA. CDIA's reporting products are used in more than nine billion transactions each year. *See* http://www.cdiaonline.org/about/index.cfm?unItemNumber=515.

67.     The Metro 2 Format Task Force is comprised of representatives from CRAs such as Equifax, Experian, Innovis, and TransUnion, and it is supported by the CDIA.

68.     The Metro 2 Format Task Force's mission is to provide a standardized method for the reporting of accurate, complete, and timely data, and has developed the Metro 2 standards.

69.     The Metro 2 standards provide uniformity in the reporting and interpretation of credit data, including credit-risk scoring.

70.     Equifax, Trans Union and Experian require all data furnishers, such as Discover, to report data according to Metro 2 standards.

71.     Discover did not adhere to Metro 2 standards when it reported that the debt related to the Account was "previously disputed" since the "XH" CCC is

applicable only to situations where information was disputed, and the consumer later indicates to the data furnisher that her dispute has been resolved.

72.    Thus, for a debt to be accurately reported as "previously in dispute," the consumer must retract or cease his dispute.

73.    Mr. Kozierowski never indicated, nor even implied, to Discover that he agreed the Account was his, or that he was liable for payment of it and no longer disputed the debt.

74.    Discover could have reported a Metro 2 compliance condition code of "XB," meaning "consumer disputes this information," but it did not.

75.    Reporting a CCC of "XH" instead of "XB" has significant consequences for the consumer, including the fact that many consumer credit scores, including almost all versions of FICO®, the most commonly-used credit scores in the nation, will disregard accounts credit card accounts reported with an "XB" CCC but will include accounts reported with "XH" in their credit score computations.

76.    Discover thus failed to conduct a reasonable investigation into Mr. Kozierowski's disputes.

77.    Any reasonable investigation would have concluded the Account did not belong to Mr. Kozierowski and was the result of identity theft, considering he had reported the theft to law enforcement and signed an affidavit stating the account was not his.

78.    Upon information and belief, to minimize costs, Discover instructs its employees (or outside contractors) responding to ACDVs to quickly compare the

information contained in the requesting CRA's files against Discover's own internal records, and if the information matches, verify the reported information as accurate.

79.    On information and belief, Discover does not authorize its employees to make any actual investigation at all, beyond a *de minimis* comparison of CRA records to Discover's own records.

80.    For this reason, a consumer who disputes something specific about the data being reported – identity theft -- will have his information confirmed as "accurate" simply because Discover's own records show the personally-identifying information to be the same as the requesting CRA's.

81.    Such policies are a virtual guarantee investigations will be unreasonable, as it is virtually axiomatic that in the case of identity theft, Discover's records will match the CRA's because, as the plain meaning of the phrase implies, the consumer's identity was stolen.

82.    Moreover, the employees/contractors answering the ACDVs are not trained to investigate disputes of this nature, nor are they empowered to make any actual investigations; the performance of the employees/contractors answering the ACDVs is evaluated on the number of disputes processed per hour, not the accuracy of the results produced.

83.    Discover's investigations were also unreasonable because they concluded that Mr. Kozierowski no longer disputed being personally liable for the Account, despite numerous and frequent disputes and having reported the incident to law enforcement.

84.    The failure to update reporting to indicate disputed information is disputed in and of itself violates the FCRA. *See Saunders v. Branch Banking and Trust Company of Virginia* 526 F.3d 142 (4th Cir. 2008). *Seamans v. Temple University*, 744 F.3d 853, 864 (3d Cir. 2014), (private cause of action arises under § 1681s2(b) when, having received notice of a consumer's potentially meritorious dispute, furnisher subsequently fails to report that claim is disputed).

85.    Mr. Kozierowski made a second dispute concerning the Discover tradeline to Equifax in January 2023, reiterating that someone stole his identity and that the account did not belong to him.

86.    Mr. Kozierowski made two subsequent disputes to Trans Union in February 2023, which again included a scanned copy of the police report and FTC identity theft affidavit.

87.    Discover verified its reported data as "accurate" in response to each of these disputes.

88.    The fact that PRA was able to almost immediately conclude that all three accounts that it reported could not be verified as accurate, in light of the information supplied by Mr. Kozierowski, further evidences that Discover's investigations were unreasonable, as both Discover and PRA were provided almost identical information in the disputes.

## CRA's Investigations Were Not Reasonable

89.    The FCRA also requires that each CRA conduct its own investigation of a consumer dispute. 15 U.S.C. § 1681i.

90.    Thus, upon receipt of Mr. Kozierowski's disputes of the Discover tradeline, Experian, Equifax and Trans Union were legally required to investigate the dispute.

91.    However, on information and belief, the CRAs relied almost solely upon the ACDVs furnished to Discover and the responses thereto.

92.    For at least the last 35 years, courts in this district have recognized that a CRA must make some independent reinvestigation of its own. *See Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985).

93.    The CRAs' dispute resolution systems are heavily tilted in favor of their data furnishers, from whom they receive revenue monthly, and rest on the premises the data furnishers are always right, until categorically proven wrong by the consumer.

94.    As a result, consumers like Mr. Kozierowski, are left in a scenario where their only way to have their credit report corrected rests on their ability to disprove a negative.

95.    Equifax, Experian and Trans Union each failed to conduct a reasonable investigation into Mr. Kozierowski's disputes, as any reasonable investigation would have concluded that Mr. Kozierowski's identity was stolen and that the Discover Account did not belong to him, or at a minimum, that the Account was still disputed.

96.    Equifax, Experian and Trans Union were each aware that another one of its furnishers of data reporting a total of three tradelines had responded to the CRAs that all three should be deleted as they could not be confirmed as accurate.

97.    Equifax, Experian and Trans Union were each aware that Discover – who had reported one of the four fraudulent tradelines – was the outlier.

98.    The FCRA, § 1681c-2(a), requires a CRA to "block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft" within four business days, provided the CRA has received proof of identity of the consumer, a copy of the identity theft report, and a statement from the consumer the information reported is not related to any transaction made by the consumer.

99.    Trans Union received copies of the police report and FTC affidavit concerning the Discover Account, which contained a clear statement Mr. Kozierowski was not involved in any transaction relating to the Discover Account, as well as identification of the fraudulent account, and proof of identity of Mr. Kozierowski (which was provided to Trans Union through its automated systems, which requires the consumer to disclose his name, address, date of birth, Social Security number, and answering at least three security questions).

100.    Thus, Trans Union was *required* by the FCRA to block (e.g., delete or suppress) the Discover tradeline from Mr. Kozierowski's file, but did not.

101.    All three CRAs allowed Discover to continue to report the fraudulent Account, monthly, without so much as notice the Account was actively disputed by Mr. Kozierowski, in the CRAs post-dispute reports.

102.    The Discover Account is the only negative or adverse account reporting in Mr. Kozierowski's Equifax, Experian or Trans Union credit files.

103.    Mr. Kozierowski has otherwise excellent credit, stable finances, and a good employment history.

104.    Because of the catastrophic effect the Discover charge-off is having to his credit scores, Mr. Kozierowski has been advised by his mortgage broker that he will not be approved on favorable terms.

105.    As a result, Mr. Kozierowski has elected to mitigate damages (e.g., additional hard credit inquiries) by not applying for credit he is otherwise well-qualified for, and has thus suffered an impaired ability to obtain credit and services, as well as economic losses.

106.    Mr. Kozierowski has also suffered severe emotional distress from continuing to deal with an account that was open fraudulently.

107.    Mr. Kozierowski has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

**COUNT I**
**VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681s-2(b)**
**Discover Only**

108.    Mr. Kozierowski hereby incorporates paragraphs 1 – 107 as if fully stated herein.

109.    Discover violated **15 U.S.C. § 1681s-2(b)** when it failed, on at least six separate occasions, to conduct a reasonable investigation after receiving notice of dispute of the Account from Experian, Equifax and Trans Union, as any reasonable investigation would have concluded that the Account could not be verified as accurate,

as it did not belong to Mr. Kozierowski, or at a minimum, that the Account was still disputed by Mr. Kozierowski.

110.    Discover's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

111.    Discover's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Kozierowski.

112.    Accordingly, pursuant to 15 U.S.C. § 1681n, Discover is liable to Mr. Kozierowski for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

113.    Alternatively, Discover's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Discover is liable to Mr. Kozierowski for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Kozierowski respectfully requests this Honorable Court to enter judgment against Discover for:

a.    The greater of statutory damages of $1,000 per incident (for a total of $6,000, based on information pled at the time of filing) or Mr. Kozierowski's actual damages, pursuant to 15 U.S.C. §

1681n(a)(1)(A), or in the alternative, Mr. Kozierowski's actual damages

pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §

1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.    Such other relief that this Court deems just and proper.

**COUNT II**
**VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)**
**Experian Only**

114.    Mr. Kozierowski hereby incorporates paragraphs 1 – 107 as if fully stated

herein.

115.    Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct

a reasonable investigation into a dispute of the Discover tradeline by Mr. Kozierowski,

since any reasonable investigation would have concluded that the Discover account

did not belong to Mr. Kozierowski and should no longer report to his credit, or at a

minimum, that the Account was still disputed by Mr. Kozierowski and should report

as such.

116.    Experian's conduct was a result of its regular policies and procedures,

which frequently result in the verification of reported information as accurate, when it

is not, and as undisputed, or previously disputed, when still disputed.

117.    Experian's conduct was thus willful and intentional, or, alternately, was

done with a reckless disregard for its duties under the FCRA to make reasonable

investigations, and its policies could reasonably be foreseen to cause harm to Mr. Kozierowski.

118.    Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Mr. Kozierowski for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

119.    Alternatively, Experian's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Experian is liable to Mr. Kozierowski for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Kozierowski respectfully requests this Honorable Court to enter judgment against Experian for:

a.    The greater of statutory damages of $1,000 per incident or Mr. Kozierowski's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Mr. Kozierowski's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and,

d.    Such other relief that this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
## Trans Union Only

120.    Mr. Kozierowski hereby incorporates paragraphs 1 – 107 as if fully stated herein.

121.    Trans Union violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into at least three separate disputes of the Discover tradeline by Mr. Kozierowski, since any reasonable investigation would have concluded that the Discover account did not belong to Mr. Kozierowski and should no longer report to his credit, or at a minimum, that the Account was still disputed by Mr. Kozierowski and should report as such.

122.    Trans Union's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

123.    Trans Union's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Kozierowski.

124.    Accordingly, pursuant to 15 U.S.C. § 1681n, Trans Union is liable to Mr. Kozierowski for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

125.    Alternatively, Trans Union's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Trans Union is liable to Mr. Kozierowski for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Kozierowski respectfully requests this Honorable Court to enter judgment against Trans Union for:

a.    The greater of statutory damages of $1,000 per incident (for a total of $3,000, based on information pled at the time of filing) or Mr. Kozierowski's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Mr. Kozierowski's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and,

d.    Such other relief that this Court deems just and proper.

### COUNT IV
### VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)
### Equifax Only

126.    Mr. Kozierowski hereby incorporates paragraphs 1 – 107 as if fully stated herein.

127.    Equifax violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into at least two disputes of the Discover tradeline by Mr. Kozierowski, since any reasonable investigation would have concluded that the Discover account did not belong to Mr. Kozierowski and should no longer report to

his credit, or at a minimum, that the Account was still disputed by Mr. Kozierowski and should report as such.

128.   Equifax's conduct was a result of its regular policies and procedures, which frequently result in the verification of reported information as accurate, when it is not, and as undisputed, or previously disputed, when still disputed.

129.   Equifax's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Kozierowski.

130.   Accordingly, pursuant to 15 U.S.C. § 1681n, Equifax is liable to Mr. Kozierowski for the greater of his actual damages and statutory damages of up to $1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

131.   Alternatively, Equifax's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Equifax is liable to Mr. Kozierowski for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Kozierowski respectfully requests this Honorable Court to enter judgment against Equifax for:

a.   The greater of statutory damages of $1,000 per incident (for a total of $2,000, based on information pled at the time of filing) or Mr. Kozierowski's actual damages, pursuant to 15 U.S.C. §

1681n(a)(1)(A), or in the alternative, Mr. Kozierowski's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and,

d.    Such other relief that this Court deems just and proper.

## COUNT V
## VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681c-2(a)
## Trans Union Only

132.    Mr. Kozierowski hereby incorporates paragraphs 1 – 107 as if fully stated herein.

133.    Trans Union violated **15 U.S.C. § 1681c-2(a)** when it failed to block or suppress the Discover tradeline within four days of receipt of Mr. Kozieroski's dispute, which was submitted along with proof of his identity and an identity theft report.

134.    Trans Union's conduct was a result of its regular policies and procedures, which frequently disregard identity theft reports submitted along with a consumer's dispute, in favor of relying solely on the furnisher's investigation.

135.    Trans Union's conduct was thus willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Kozierowski.

136.    Accordingly, pursuant to 15 U.S.C. § 1681n, Trans Union is liable to Mr. Kozierowski for the greater of his actual damages and statutory damages of up to

$1,000 for *each occurrence*, as well as punitive damages, reasonable attorney's fees, and costs.

137.   Alternatively, Trans Union's conduct was the result of negligence, and pursuant to 15 U.S.C. § 1681o, Trans Union is liable to Mr. Kozierowski for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE,** Mr. Kozierowski respectfully requests this Honorable Court to enter judgment against Trans Union for:

a.   The greater of statutory damages of $1,000 per incident (for a total of $3,000, based on information pled at the time of filing)  or Mr. Kozierowski's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Mr. Kozierowski's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.   Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and,

d.   Such other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Mr. Kozierowski hereby demands a trial by jury on all issues so triable.

Respectfully submitted on February 28, 2023, by:

SERAPH LEGAL, P. A.

*/s/ Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
BGeiger@SeraphLegal.Com
1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230 (Ext: 306)
Fax: 855-500-0705
*Counsel for Plaintiff*

## ATTACHED EXHIBIT LIST

A.    Premier Mortgage's Tri-Merge Report- Dated October 25, 2022
B.    Equifax Dispute Results December 30, 2022
C.    Plaintiff's Experian Consumer Disclosure, February 1, 2023, Excerpt